ROBERTS, Justice.
Petitioner Goldman, in February of 1961, made application to stand The Florida Bar examination. He is not a graduate of an accredited college of law, and therefore sought admission to the examination under the provisions of Article IV, Section 22(c), 32 F.S.A., based on experience as a lawyer in another State. In May of 1961, the Board of Bar Examiners determined that the petitioner was technically qualified under Article IV. Thereafter, further investigation was made because of a judgment against him by his former law partner, which had been discharged in bankruptcy. The applicant submitted further evidence of good character and the Board ultimately qualified him to take the next examination. He stood and passed it and was scheduled for formal admission in June of 1962. However, the Court deferred his formal admission because it had learned from independent sources that two indictments had been rendered against him in the State of Maryland. Petitioner now advises that the two indictments were dismissed on October 17th, 1967, and that he had no notice of them before he was have appeared for the induction ceremony in 1962, having recently moved from his former residence and address. He further advises that extradition proceedings by the State of Maryland were dropped.
Petitioner now seeks an order of this Court, admitting him to take the oath of an attorney and become formally admitted to The Florida Bar, and contends that it would be a great hardship to1 compel him to file a new and complete application with the Board and be required to make a deposit of $500' for use in investigations; that the Board has previously concluded that he is of good character, and that the only impediments were the two indictments which have been dismissed.
The Board opposes and contends that petitioner should be required to renew his application and make the deposit, and allow them to make their investigation into the findings and dismissing of the indictments and to 'determine whether or not he meets the standards of character and fitness required by the rules.
It is our opinion, and we hold, that the Board is entitled to an opportunity to inquire into the reasons for the finding and also the dismissing of the indictments, and to examine the circumstances surrounding them, and make a re-evaluation of his character and fitness. We do not agree, however, that it is necessary for him to file a complete new application with a deposit of $500.00 and begin all over again from the beginning his admission processing. It appears to us that a deposit of $200.00 would be sufficient for the limited investigation above referred to.
Accordingly, the application of the petitioner to be immediately admitted as a member of The Florida Bar is deferred and the cause remanded to the Florida Board of Bar Examiners for further proceedings not inconsistent with this opinion, and with directions that the results of the investigation and determination hereinabove referred to, be filed with this Court within sixty days after a deposit of $200.00 is made with the Board by the petitioner.
It is so ordered.
CALDWELL, C. J., and DREW, THOR-NAL and ERVIN, JJ., concur.